UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Feliz Matta,

               Petitioner,

**Hon. Hugh B. Scott**

03CV0149
Consent

**Decision
&
Order**

      v.

Gary Filion, Superintendent,

               Respondent.

Before the Court is petitioner's request for habeas corpus relief challenging his state court conviction under 28 U.S.C. § 2254.

**Background**

Petitioner Feliz Matta ("Matta") seeks habeas corpus relief from an August 26, 1999 conviction for murder in the second degree and gang assault in the first degree after a jury trial in New York State, Wayne County Court.  As a result of his conviction, Matta was sentenced to an indeterminate term of twenty years to life with respect to the murder count, and eighteen years with respect to the assault claim.

The record reflects that Matta attended a Halloween party at the home of a friend  on the evening of October 31, 1998.  He left the party with a group of people from the party and encountered John Grant.  According to Gregory Farnsworth, one of the party-goers who left with

Matta, Grant appeared intoxicated. (R. 833)[1]   Words were exchanged between Grant and another

member of the party, Rob Lopez. Lopez pushed Grant to the ground. (R. 833-834).   Several

members from the party group then proceeded to attack Grant.  (R. 835).  Witnesses at the state

court trial testified that Matta kicked Grant in the head several times. (R. 909, 984, 985). In

addition, Matta admitted kicking Grant in the head in statements to the police (R. 29) and to

another witness (R. 988).  Grant died of internal hemorrhaging resulting from the blows to his

head. (R. 1084-1085; 1110; 1142).

The petitioner asserts seven grounds for relief: (1) that a statement used at trial was taken

from him in violation of his Miranda rights; (2) that the trial judge made an improper Sandoval

ruling; (3) that there was insufficient evidence to support the conviction; (4) that the trial judge

erred in failing to charge the jury that certain witnesses were accomplices; (5) that he was

prevented from introducing evidence that someone else committed the crime; (6) that his trial

counsel was ineffective for failing to request that the jury charge identify the witnesses as

accomplices; and (7) that the sentence imposed was excessive.


## Discussion

**Exhaustion**

Keeping with the requirements of 28 U.S.C. § 2254(b), federal courts will not consider a

constitutional challenge that has not been "fairly presented" to the state courts. See Ayala v.

Speckard, 89 F. 3d 91 (2d Cir. 1996), citing Picard v. Connor, 404 U.S. 27, 275, 92 S.Ct. 509,

---

[1] References designated (R. __) are to the Bates numbered pages of the state court records
in this matter.

512, 30 L.Ed 2d 438 (1971); <u>Daye v. Attorney General of New York</u>, 696 F.2d 186,191 (2d Cir. 1982) (en banc), <u>cert. denied</u>, 464 U.S. 1048 (1984). A state prisoner seeking federal habeas corpus review of his conviction must first exhaust his/her available state court remedies with respect to issues raised in the federal habeas corpus petition. <u>Rose v. Lundy</u>, 455 U.S. 509 (1982) In order to meet this requirement the Petitioner must have raised the question in a state court challenge to his/her conviction and put the state appellate court on notice that a federal constitutional claim was at issue. See <u>Grady v. LeFerve</u>, 846 F.2d 862, 864 (2d Cir. 1988); <u>Petrucelli v. Coombe,</u> 735 F. 2d 684, 688-89 (2d Cir. 1984).

It appears that the petitioner raised each of the claims presented in the instant petition at some point in his various state court proceedings (direct appeal or collateral challenges).   The respondent argues that several of the issues were not fully exhausted.  Notwithstanding, a decision on the merits of the petitioner's claims is appropriate under 28 U.S.C. §2254(b)(2).

**Standard of Review**

State court findings of "historical facts," and any inferences drawn from those facts, are entitled to a presumption of correctness. <u>Matusiak v. Kelly</u>, 786 F. 2d 536, 543 (2d Cir.), <u>cert. denied</u>, 479 U.S. 805 (1986). (See also 28 U.S.C. §2254(e)(1) which states that, "a determination of factual issue made by a State court shall be presumed to be correct".) Where the State court has reviewed an issue on the merits, in order for a petitioner to prevail in a federal habeas corpus claim, that petitioner must show that there was a violation of 2254(d). The *Antiterrorism and Effective Death Penalty Act of 1996* [2]("AEDPA"), provides that a habeas corpus petition may not

---

[2] Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No.104-132, 110 Stat. 1214

be granted with respect to any claim that was adjudicated on the merits in state court unless the

state court's adjudication of that claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The petitioner has the burden of rebutting the presumption of correctness by clear and

convincing evidence. The presumption of correctness attaches to both state and trial courts and to

state appellate courts. <u>Smith v. Sullivan</u>, 1988 WL 156668 (W.D.N.Y. 1998) <u>(Larimer, C.J.)</u>

<u>Nevius v. Sumner</u>, 852 F.2d 463, 469 (9th Cir. 1988), <u>cert. denied</u>, 490 U.S. 1059 (1989).

AEDPA "requires federal courts 'to give greater deference to the determinations made by

state courts than they are required to do under the previous law." <u>Ford v. Ahitow</u>, 104 F. 3d 926,

936 (7th Cir. 1997) (quoting <u>Emerson v. Gramley</u>, 91 F.3d 898, 900 (7th Cir. 1996)<u>cert denied.</u>,

520 U.S. 1122, 117 S.Ct. 1260, 137 L.Ed.2d 339 (1997)); see also <u>Houchin v. Zavaras,</u> 107 F.3d

1465, 1470 (10th Cir. 1997) ("AEDPA increases the deference to be paid by the federal courts to

the state court's factual findings and legal conclusion").

As stated by the Supreme Court:

> Sec. 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court…Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite

that reached by this Court on a question of law or if the state court decided a case differently than this Court has on a set of materially indistinguishable facts.

Under the "unreasonable application" clause, a federal habeas court may grant a writ if the state identifies the correct governing legal principle from this Court's decision's but unreasonably applies that principle to the facts of the prisoner's case. See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000).

**Matta's Statements**

Matta was interviewed by the police on November 11, 1998 and December 3, 1998 in connection with the events of October 31, 1998.  After a hearing, the state court found that both statements were voluntary and admissible.   With respect to the November 11, 1998 interview, the state court found that the petitioner was approached by a police officer at his home and asked if he would come to the station to talk to the police. The respondent argues that Matta was not a suspect at that time.  The state court held that Matta agreed to accompany the officer back to the station; that no threats, force or promises were made. After being interviewed, one on one by a single officer,  Matta made a written statement which did not implicate himself in the altercation with Grant. (R. 26).  Matta was allowed to leave.  Although Matta was not read his warnings under Miranda,[3] the state court found that:

> a reasonable person, innocent of any crime, would not have believed he was in custody under the circumstances.  The defendant appeared voluntarily.  The interview was conducted in a non-coercive atmosphere.  The questioning was investigative and not accusatory.  The defendant was never physically restrained. The amount of time spent with the police officer on that occasion was minimal.  The defendant's freedom of action was not restricted in any significant manner. (R. 158).

---

[3]  Miranda  v. Arizona, 384 U.S. 436 (1966).

With respect to the December 3, 1998 statement, Matta was approached by two officers. He agreed to go with them to the police station.  At that point he was read his Miranda warnings and he waived them. (R. 28).  He again executed a written statement, this time admitting that he kicked Grant in the head. (R. 29).  He was again provided his Miranda rights. (R. 30).  He was then allowed to go home at that time. The state court found that Matta was read his rights, that he understood his rights and that he waived his rights. (R. 160-161). Thus, the motion to suppress was denied.

The petitioner has suggested that the police should have interviewed him at his home instead of at the police station. (Docket No. 1 at page 4).  Although the police could have interviewed him at his home, the decision to interview him at the police station did not render the statements involuntary.  Applying the standards discussed above, the Court finds that the state court determinations with respect to the two statements were not contrary to clearly established federal law, or an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

The petition must be denied with respect to this claim for relief.

**The Sandoval Ruling**

The petitioner asserts that the state court erred in allowing the prosecution to inquire into two prior convictions relating to his use of marijuana (Docket No. 1 at page 4).   However, Matta did not testify at the state court trial.  The failure of the defendant to testify is "fatal to any claims of constitutional deprivation arising out of a Sandoval type ruling "because it deprives a reviewing court of any "adequate non-speculative basis upon which to assess the merits of that

claim." Rojas v. Senkowski, 1996 WL 449321, *3 (E.D.N.Y. 1996) quoting Peterson v. LeFevre, 753 F.Supp. 518, 521 (S.D.N.Y.1991), aff'd, 940 F.2d 649 (2d Cir.1991). See also Carroll v. Hoke, 695 F.Supp. 1435, 1440 (E.D.N.Y.1988) ("the failure of the defendant to testify renders any harm flowing from the ruling totally speculative"), aff'd, 880 F.2d 1318 (2d Cir.1989); Underwood v. Kelly, 692 F.Supp. 146, 151 (E.D.N.Y.1988) ("[F]or a defendant to preserve the issue of admissibility for review, he must actually testify; otherwise any harm that the defendant faced is purely speculative."), aff'd, 875 F.2d 857 (2d Cir.), cert. denied, 493 U.S. 837 (1989).

The petitioner request for habeas corpus relief must also be denied as to this claim.


**Sufficiency of the Evidence**

The petitioner claims that his conviction for murder was obtained based upon insufficient evidence.  In considering the petitioner's challenge to the sufficiency of the evidence supporting his murder conviction, the Court must review the evidence "in the light most favorable to the Government."  United States v. Amato, 15 F.3d 230, 235 (2d Cir.1994).  All inferences from the evidence and issues of credibility must be resolved in favor of the verdict. United States v. Aulicino, 44 F.3d 1102, 1114 (2d Cir.1995);  Amato, 15 F.3d at 235.  In this regard, the petitioner bears "a heavy burden." United States v. Matthews, 20 F.3d 538, 548 (2d Cir.1994).

The Supreme Court has cautioned that under this standard, the jury retains almost the entire range of its traditional discretion as sole judge of the facts. It is the jury, as the trier of fact, that has the responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. The Court may *impinge* upon jury

7

discretion only to the extent necessary to guarantee the fundamental protection of due process of law.  Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original) (footnotes omitted). Therefore, this court is not free to make credibility judgments about the testimony presented at petitioner's trial or to weigh conflicting testimony.  United States v. Zabare, 871 F.2d 282, 286 (2d Cir.1989) (on appellate challenge to sufficiency of evidence, "the reviewing court must draw all reasonable inferences and resolve all issues of credibility in favor of the verdict");  Gruttola v. Hammock, 639 F.2d 922, 928 (2d Cir.1981) (rejecting insufficient evidence claim because jury was entitled to believe State's witnesses despite inconsistencies in their testimony and State's evidence);  Soto v. Lefevre, 651 F.Supp. 588, 592 (S.D.N.Y.1986) (federal habeas court has no power to redetermine comparative credibility of conflicting eyewitness testimony);  Milton v. Riley, 1988 WL 140663 (E.D.N.Y. 1988)(federal habeas court must adhere to credibility findings of state jury).

The plaintiff argues that the medical experts did not "clearly establish John Grant's cause of death and a fair review of the totality of the evidence is more supportive of the fact that it was an intervening cause, and not petitioner's conduct that led to the death of Mr. Grant." (Docket No. 1 at page 5).  Dr. Thomas Smith, the deputy medical examiner for Monroe County, testified that Grant died as a result to trauma to his head. (R. 1084).  Evidence was also introduced regarding the possibility that Grant's death was due to an aneurysm. (R. 1162).   The petitioner asserts that the evidence "is more supportive" of his theory that the aneurysm was not connected to the October 31, 1998 attack. (Docket No. 1 at page 6).   However, as discussed above, the Court is not permitted to second guess the jury as the finder of fact in this case.  The record includes sufficient evidence from which the jury could conclude that cause of Grant's death was

related to the trauma to his head suffered during the October 31, 1998 attack.

The petition is denied on this ground as well.

**Jury Charge Regarding Witnesses as Accomplices**

Matta asserts that the state court erred in failing to charge the jury that witnesses  Lopez,

Farnsworth and Williams Sigler were accomplices in connection with Matta regarding the events

of October 31, 1998.  (Docket No. 1 at page 11).  The record reflects that the trial judge included

language in the jury charge that Lopez, Farnsworth and Sigler were accomplices as to Matta's co-

defendant Gregory Turner, but not to Matta.  This was done, at the expressed instruction of

Matta's trial counsel. (R. 1496).  Thus, this forms the basis of the petitioner's claim that he was

denied effective assistance of counsel.

A petitioner seeking habeas relief based on a trial court's jury charge faces a heavy

burden. The Supreme Court has stated that "not every ambiguity, inconsistency, or deficiency in

a jury instruction rises to the level of a due process violation," and it has focused our inquiry on

"whether the ailing instruction so infected the entire trial that the resulting conviction violates

due process." Middleton v. McNeil, 541 U.S. 433, 437 (2004) (alteration omitted). A jury charge

in a state trial is normally a matter of state law and is not reviewable on federal habeas corpus

absent a showing that the alleged errors were so serious as to deprive defendant of a federal

constitutional right." United States ex rel. Smith v. Montayne, 505 F.2d 1355, 1359 (2d Cir.

1974), cert. denied, 423 U.S. 856 (1975); See also Schaefer v. Leone, 443 F.2d 182 (2d Cir.

1971), cert. denied, 404 U.S. 939 (1971).

The petitioner's claim of ineffective assistance must be analyzed according to the

standards set forth by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  In

<u>Strickland</u>, the Court stated that the test for an ineffective-assistance claim in a habeas corpus

case is whether the petitioner received "reasonably competent assistance."  <u>Id.</u> 466 U.S. at 688.

In deciding this question, the court must apply an objective standard of reasonableness under

prevailing professional norms.  <u>Id.</u>  Generally, defense counsel are "strongly presumed to have

rendered adequate assistance ..."  <u>Id.</u> at 690.  To succeed on such a claim, then, the petitioner

must "overcome the presumption that, under the circumstances, the challenged action 'might be

considered sound trial strategy.' "  <u>Id.</u> at 689 (quoting <u>Michel v. Louisiana</u>, 350 U.S. 91, 101

(1955)). In addition, he must also show that there is a reasonable probability that, but for the

deficiency, the outcome of the proceeding would have been different. <u>Id</u> at 694.  The court

determines that presence or absence of prejudice by considering the totality of the trial evidence.

<u>Id.</u> at 695.

    Based upon the circumstances of this case, the state court did not commit constitutional

error by failing to include the language that Lopez, Farnsworth and Sigler were accomplices of

Matta. Initially, it does not appear that the right to have an accomplice charge has been clearly

established by the Supreme Court. In any event, the plaintiff's counsel expressly waived the right

to have this charge given as to Matta as part of a trial strategy.  In New York, an individual

cannot be convicted solely upon the uncorroborated testimony of an accomplice.  The strategic

value of having the three designated as accomplices to Matta was thwarted by the fact that

Matta's corroborating statements were admitted into evidence.  Matta's trial counsel likely

thought that the designation of Lopez, Farnsworth and Sigler as accomplices would increase

Matta's probability of being convicted of the gang assault.

Upon appeal, the Appellate Division, Fourth Department held that:

> Defendant waived his present contention that the court should have charged the jury that certain witnesses were accomplices as a matter of law ... . We further conclude that defense counsel's request, made as a matter of trial strategy, did not deprive defendant of effective assistance of counsel. ...  Based upon the evidence, the law, and the circumstances of ths case, viewed in totality and as of the time of the representation, we conclude that defendant was afforded meaningful representation. (R. 1708).

Once again, the Court finds that these state court determinations are not contrary to clearly established Federal law, or an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

The petition must be denied with respect to these claims for relief.

**Presenting Evidence**

The petitioner asserts that the state court erred in precluding him from presenting evidence that Grant was hit in the head by a brick, and that it was that event, and not the petitioner's kicks, that may have caused Grant's death.  (Docket No. 1 at page 13).  The evidence excluded in this regard included: testimony by Dr. C. J. Ellie that someone had suggested that Grant had been struck by a brick; deposition testimony of an individual named Sequiya Streeter which mentioned that Grant was hit by a brick; and hospital records which included reference that a brick was involved.  The state court denied this evidence on the grounds that it was hearsay.  (R. 1050-1051, 1236).  The petitioner has not articulated any argument that the proffered evidence was not hearsay, or that some basis existed under the rules of evidence to

admit the information. Instead, he concludes that it was error, nonetheless, to deny the entry of the references regarding Grant being hit by a brick.

With respect to these arguments, the Appellate Division, Fourth Department concluded that the Court properly refused to admit the evidence because it constituted hearsay and did not fall within any recognized exception to the hearsay rule.  This determination is not contrary to clearly established Federal law, or an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Matta's petition for habeas corpus relief must be denied with respect to this claim.


**Excessive Sentence**

Matta asserts that his sentence was excessive under the circumstances.  Generally, an assertion that a sentencing judge abused his discretion in sentencing is not a federal claim subject to review by a habeas court. Fielding v. LeFevre, 548 F.2d 1102, 1109 (2d Cir.1977) (petitioner raised no cognizable federal claim by seeking to prove that state judge abused his sentencing discretion by disregarding psychiatric reports).  It is undisputed that the sentence imposed in the instant case falls within the statutory range.   A challenge to the term of a sentence does not present a cognizable constitutional issue if the sentence falls within the statutory range. White v. Keane, 969 F.2d 1381, 1383 (2d Cir.1992);  Townsend v. Burke, 334 U.S. 736, 741 (1948) ("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus.").

Because Matta's sentence does not fall outside of the statutory range authorized by New York's Penal Law, his claim presents no federal constitutional issue for this Court to review.

### Conclusion

Because petitioner has not articulated grounds upon which habeas corpus relief is warranted, the petition is denied in its entirety.  The Clerk of the Court is directed to enter judgement and close this case.

So Ordered.

/s/ Hugh B. Scott

United States Magistrate Judge

Western District of New York

Buffalo, New York

March 30, 2006